PROB. 12
(Rev. 3/88)

## UNITED STATES DISTRICT COURT

for

## WESTERN DISTRICT OF TENNESSEE

## WESTERN DIVISION

U.S.A. vs. <u>JEROME E. THOMAS</u>                                           Docket No. <u>2:05CR20455-001</u>

### Petition on Probation and Supervised Release

**COMES NOW** _____ FREDDIE  MCMASTER II _____ **PROBATION OFFICER OF THE COURT** presenting an official report upon the conduct and attitude of <u>Jerome E. Thomas</u> who was placed on supervision by the Honorable <u>Alfred G. Nichols, Jr.</u> sitting in the Court at <u>Jackson, MS</u> on the <u>11th</u> day of <u>April</u>, <u>2005</u> who fixed the period of supervision at <u>one (1) year*</u>, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

The defendant shall participate in the home confinement program, to include electronic monitoring, for a period of five (5) months.

The defendant shall submit to random urinalysis testing and shall complete a drug treatment program, if deemed necessary by the supervising probation officer.

*Term of Supervised Release began August 30, 2005.

On November 14, 2005, Mr. Thomas' conditions were modified to include a five (5) month period of Community Confinement, and the condition to serve five (5) months Home Confinement was waived.

On December 15, 2005, Transfer of Jurisdiction from the Southern District of Mississippi to the Western District of Tennessee was finalized.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Please see attached sheet

**PRAYING THAT THE COURT WILL ORDER** a WARRANT be issued for Mr. Thomas to appear before the Honorable Diane K. Vescovo to answer charges of violation of Supervised Release.

**ORDER OF COURT**

Considered and ordered this  13th  day of January 2006 and ordered filed and made a part of the records in the above case.

s/Diane K. Vescovo

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  January 9, 2006

_____
U.S. Probation Officer

Place:     Memphis, Tennessee

PROB 12
Thomas, Jerome E.
Docket No. 2:05CR20455-001

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

THE DEFENDANT HAS VIOLATED THE FOLLOWING CONDITIONS OF SUPERVISED RELEASE:

**The defendant shall refrain from any unlawful use of a controlled substance and the defendant shall not possess a controlled substance.**

Mr. Green used a controlled substance as evidenced by testing positive for marijuana on October 4, 2005. He voluntarily signed a statement admitting to having used marijuana on October 28, 2005.

**The defendant shall submit to random urinalysis testing and shall complete a drug treatment program, if deemed necessary by the supervising probation officer.**

On October 24, 2005, Mr. Thomas was referred to the Memphis Alcohol and Drug Council (MADC) to begin drug treatment and in-office screening. He missed scheduled counseling sessions on November 16, December 14, 21, and 28, 2005. He missed six (6) random in-office screening dates. On December 28, 2005, he was discharged from MADC due to non-compliance.

**The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.**

On December 7, 2005, Mr. Thomas advised this officer he was residing in Memphis at 3969 Camelot Ln. #1. On December 17, 2005, this officer conducted a visit to this address and was told by the primary tenant that Mr. Thomas did not reside there and she did not know where he lived.

**The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.**

Mr. Thomas has failed to submit monthly report forms for November and December 2005.

# VIOLATION WORKSHEET

1. Defendant _____ Jerome Thomas _____ Last reported address: 3969 Camelot Ln. #1  38118

2. Docket Number (Year-Sequence-Defendant No.) _____ 2:05CR20455-001 _____

3. District/Office _____ Western District of Tennessee (Memphis) _____

4. Original Sentence Date   04   11   05
                           month day  year

*(If different than above):*

5. Original District/Office __ Southern District of Mississippi (Jackson) __

6. Original Docket Number (Year-Sequence-Defendant No.) _3:04CR130BN-004_

7. List each violation and determine the applicable grade {see §7B1.1}:

| Violation(s) | Grade |
|---|---|
| Usage/possession of a controlled substance (marijuana) | C |
| Failure to participate in drug testing/treatment | C |
| Failure to notify officer 10 days prior to change in residence | C |
| Failure to submit monthly report forms | C |

8. Most Serious Grade of Violation (see §7B1.1(b))   C

9. Criminal History Category (see §7B1.4(a))74    I

10. Range of imprisonment (see §7B1.4(a))    | 3-9 months* |

*Being originally convicted of a Class A misdemeanor, the statutory maximum term of imprisonment is 12 months; 18 U.S.C. §3583(e)(3).

11. Sentencing Options for Grade B and C violations Only (Check the appropriate box):

    {X}  (a) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    { }  (b) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    { }  (c) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States sentencing Commission, 1331 Pennsylvania Avenue, N.W.
Suite 1400, Washington, D.C., 20004, Attention: Monitoring Unit

**Defendant**  Jerome Thomas        Docket #2:05CR20455-001

### 12.  Unsatisfied Conditions of Original Sentence

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation {see §7B1.3(d)}:

Restitution ($) _____N/A_____          Community Confinement _____N/A_____

Fine ($) _____N/A_____                 Home Detention _____N/A_____

Other _____N/A_____                    Intermittent Confinement _____N/A_____

### 13.  Supervised Release

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 {see §§7B1.3(g)(1)}.

Term: _____N/A_____ to _____N/A_____ years

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment impossible upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment {see 18 U.S.C. §3583(e) and §7B1.3(g)(2)}.

Period of supervised release to be served following release from imprisonment: _____

### 14.  Departure

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

Pursuant to §7B1.3(d) any community confinement previously imposed that remains unserved at the time of revocation may be served in addition to the sanction determined under §7B1.4. Thus, the adjusted range, taking into account the unserved Community Confinement, would be approximately 8-14 months.

### 15.  Official Detention Adjustment {see §7B1.3(e)}: months _____ days _____

Mail documents to:  United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W.
Suite 1400, Washington, D.C., 20004, Attention:  Monitoring Unit